are drawn, states the conclusion of the witness. He does not say that the midships were full; that the large vacancy, described by Butler, did not exist. He does not say that the hogsheads were there; but that no particular breakage of the cargo appeared. He may not have considered this vacancy, if he observed it, as evidence of the breakage of the cargo; and if he did not so consider it, the vacancy may have made no impression on him. William Pitts says, that the floor of the schooner, from main to foremast, was covered, when she was seized, with hogsheads of rum and barrels of limes, and that there was no appearance of the cargo having been broken in any part. This testimony is certainly more explicit than any other. Had it been taken in the district court, or were any satisfactory reasons assigned for its not having been taken; or had an opportunity been given to cross-examine the witness, I will not say, that his testimony would have outweighed the conflicting and more explicit testimony of Butler; but I will say, that it would have had much more influence on my mind than it now has.

I come now to consider the second charge in the libel, the omission to make the report required by law. The claimants contend that the allegation of this offence in the libel is too defective to sustain a sentence of condemnation, whatever the testimony may be. My opinion on this point depends on the construction of the act of congress. If, by that act, the rum is forfeited for the omission of any thing required, although the report may be perfect so far as respects the rum, then I rather think the libel is not so totally insufficient as to be incapable of sustaining the sentence. It alleges, in substance, that such a report as is required by the act, was not made. But if the forfeiture of the rum depends on some omission respecting that article, then I presume the attorney for the United States, would not hazard an argument in support of this count in the libel. Act 1799, c. 128, § 30 [1 Story. Laws, 598; 1 Stat. 649, c. 22]. On the best consideration I can give to this section of the act of congress, I am of opinion that the rum is not forfeited, unless something respecting that article be omitted in the report. The act requires that a certain report shall be made, and does not forfeit the cargo, if the report be not made in the form prescribed, but the rum which is omitted. If no rum be omitted, the article to be forfeited, does not exist. Let us vary the phraseology and read it thus, "On pain of five hundred dollars, and the article so omitted." All, I presume, will admit, that only so much of the cargo as was omitted, would be forfeited, and that it would be indispensable to the validity of the libel, that it should specify the omitted article. When, instead of saying that the omitted article shall be forfeited, the law says that

the omitted rum shall be forfeited. I construe the law as equally requiring, to produce the forfeiture, that rum should be omitted, and consequently that the omission should be charged in the libel.

The following decree was rendered, reversing in part the sentence of the district court, and giving the attorney for the United States leave to amend his libel.

"This cause came on to be heard on the transcript of the record of the district court, and on the depositions taken in this court, and was argued by counsel. On consideration whereof, this court is of opinion, that there is error in so much of the sentence of the district court, as condemns the foreign distilled spirits therein mentioned, it being the opinion of this court, that the libel is insufficient to sustain that part of the sentence: It is, therefore, the opinion of this court, that so much of the sentence of the district court as condemns the foreign distilled spirits on board the Thomas & Henry, be reversed and annulled. And on the motion of the attorney for the United States, leave is given him to amend his libel, and the cause is retained for further proceedings."

## Case No. 13,920.

### The THOMAS A. SCOTT.

[Cited in Cartwright v. The Othello, Case No. 2,483. Nowhere reported; opinion not now accessible.]

## Case No. 13,921.

### The THOMAS A. SCOTT.

[1 Brown, Adm. 503;[1] 7 Chi. Leg. News. 19.]

District Court, E. D. Michigan.  Aug., 1874.

COLLISION—VESSEL AGROUND—NARROW CHANNELS —STOPPING—JUDGMENT OF MASTER.

1. A vessel can be *held* in fault for her conduct only to the extent of risk or danger of collision with another vessel, as indicated by the relative situation of such other vessel at the time she determines upon a particular course of action, making proper allowance for the probability of a change in the relative situation of such other vessel.
[Cited in The Cherokee, 15 Fed. 122.]

2. It is not improper, under any and all circumstances, for a steam vessel to enter the old channel of St. Clair Flats, and attempt to pass through, while another vessel is aground upon one of its banks. It depends upon the apparent situation and circumstances of the vessel aground.

3. A vessel aground in a narrow channel, but in a situation to admit of other vessels passing her in safety, should, on the approach of another vessel, cease her efforts to get off until such other vessel has passed.

4. Where a schooner aground upon St. Clair Flats, upon an even keel, with room for other vessels to pass, saw a large propeller approaching, and did not cease her efforts to get off, but

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]